UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



HENRY LEWIS ASTROP,

Plaintiff,

v.

THE UNITED STATES OF AMERICA, *et al.*,

Defendants.

Action No. 3:12-CV-33

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss (ECF No 15). Henry Lewis Astrop, *pro se*, brought this action seeking relief for a breach of his contract with the United States Navy ("the Navy") and medical malpractice; both are apparently based on medical conditions related to his service in the Navy. Astrop demands an upgrade in the characterization of his discharge from the Navy to "Honorable" and $100,000 in damages. The United States[1] moves to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Astrop filed a responsive "statement."[2] The parties have not requested a hearing, and

---

[1] The defendants in this action are not entirely clear from the Complaint. The Complaint clearly indicates the United States and the United States Navy as defendants. In addition, the Veterans Affairs Regional Office ("VARO") in Roanoke, Virginia received a summons and complaint in the case, which was served by a U.S. Marshal. Def. Mot. to Dismiss 1 n.1, ECF No. 15. The VARO is mentioned by Astrop only in the jurisdictional statement and pleadings filed subsequent to the complaint. Astrop raises no claims specifically against the VARO. The Court, however, liberally construes the complaint as filed against the VARO and the Motion to Dismiss is deemed filed on behalf of the Department of Veteran Affairs as well. *See* Def. Mot. to Dismiss 1 n.1. The defendants collectively are referred to as the "United States."

[2] After the United States filed its Motion to Dismiss, Astrop filed a pleading entitled "Statement" (ECF No. 18). The Statement is somewhat responsive to the Motion to Dismiss and in the spirit of liberal construal of *pro se* pleadings, is construed as a response in opposition to the motion to dismiss.

the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). The Court finds it lacks subject matter jurisdiction over Astrop's claims, and therefore, the United States' Motion to Dismiss is GRANTED.

## I. BACKGROUND

Prior to Astrop's enlistment in the U.S. Navy in 1975, he received a physical examination revealing his left testicle had not descended, he had a hernia, and he had developed cancer on his intestines. Compl. 3,[3] ECF No. 3. He underwent surgery, enlisted, and was eventually stationed on the U.S.S. Enterprise CVAN-65. Compl. 4. Astrop alleges he contracted with the Navy to work as a cook, but ended up working as a store keeper, which involved heavy lifting. Compl. 4. During his time in the Navy, he suffered from bleeding and hemorrhoids, causing him significant pain. Compl. 4. As a result, Astrop spoke to the Captain requesting release from the Navy. Compl. 4. The Captain allegedly responded telling Astrop there are four ways to get out of the Navy: "1. get sick, 2. go crazy, 3. die, or 4. do something so bad they have to kick you out." Compl. 4–5. Astrop subsequently slapped his Lieutenant, served thirty days in the brig, Compl. 5, and was quickly discharged with a rating of "Under Honorable Conditions" in 1977. Statement Ex. 1, Mar. 1, 2012, ECF No. 5 [hereinafter March 1 Statement].[4] Astrop indicates he applied for an upgrade in his discharge forty years ago, Compl. 5, though his request was actually filed in 1980. Def. Mot. to Dismiss Ex. A.

Astrop filed medical claims at the Department of Veterans Affairs ("VA") in September of

---

[3] None of Astrop's pleadings include numbered paragraphs. All citations are to page numbers instead.

[4] Astrop filed a complaint on February 23, 2012 and subsequently filed five "Statements," which generally provide the same information contained in the original complaint. Some of the subsequently filed statements include facts not plead in the original complaint, but make no additional demands. The United States' Motion to Dismiss considers all of the filings prior to their motion, as does the Court.

2010. Statement 1, Mar. 5, 2012, ECF No. 6 [hereinafter March 5 Statement]. On October 24, 2011, the VA notified Astrop that he was not entitled to compensation for his medical conditions. *Id.* Ex. 1. Astrop's hernia and loss of testicle were deemed conditions unrelated to his military service, and his hemorrhoids were deemed less than ten percent disabling and therefore entitled Astrop to no compensation. *Id.* Astrop makes no claim that the VA's determination was incorrect; he merely included this information in one of his filings.

Astrop filed a handwritten complaint in this Court against the United States, the United States Navy, and the Department of Veteran Affairs seeking an upgrade in his discharge from the Navy and $100,000 in "punitive damages for [his] physical condition." Compl. 5. The Complaint includes a claim for breach of contract and a claim for medical malpractice. Compl. 3, 8. The medical malpractice claim, however, includes no information other than that plead for breach of contract and appears to be merely a copy of the breach of contract claim with "Medical Malpractice" written over the words "Breach of Contract." *See generally* Compl. The United States moved to dismiss the complaint under Rules 12(b)(1) and (6). For the following reasons, Astrop's Complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## II. LEGAL STANDARD

A court must construe the pleadings of a *pro se* plaintiff liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a court considering a motion to dismiss must evaluate the *pro se* plaintiff's pleadings according to the standards set forth in the Federal Rules of Civil Procedure. *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010). In doing so, the Court may not act as the litigant's advocate and construct legal arguments that the plaintiff has not made. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring);

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). With this standard in mind, the Court reviews the grounds raised by the United States in seeking dismissal.

On a motion to dismiss pursuant to Rule 12(b)(1), defendants may challenge subject matter jurisdiction by demonstrating that the complaint fails to sufficiently allege facts upon which the Court may make a finding of subject matter jurisdiction, or they may contend that the jurisdictional facts are untrue. *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In both situations, the burden is on the plaintiff, as the party asserting jurisdiction, to prove federal jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether facts supporting subject matter jurisdiction are true, the Court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992). The court weighs the evidence presented in order to determine jurisdiction under Rule 12(b)(1). *Adams*, 697 F.2d at 1219.

### III.  DISCUSSION

#### A. The District Court lacks subject matter jurisdiction over Astrop's claims for monetary damages

This Court lacks jurisdiction over Astrop's claims seeking monetary relief based in either contract or tort. The Tucker Act gives the United States Court of Federal Claims exclusive jurisdiction over claims for monetary damages "founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Little Tucker Act provides an exception, granting concurrent jurisdiction to the district courts only when the claim seeks monetary damages of $10,000 or less. *Id.* § 1346(a)(2). Where a plaintiff's claim seeks more than $10,000, the action must be brought

in the Court of Federal Claims. *Randall v. United States*, 95 F.3d 339, 347 (1996) (citing *United States v. Hohri*, 482 U.S. 64, 67 n.1 (1987)). In determining the amount of monetary damages sought, a court must distinguish between actions for damages at law, providing compensation for an injury, and equitable actions for specific relief, which might require the court to order back payments. *Ulmet v. United States*, 888 F.2d 1028, 1030 (1989) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988)). Astrop's breach of contract claim explicitly seeks $100,000 in damages, demanding no specific relief other than an upgrade for his discharge. *See* Compl. 5. Such an upgrade would not entitle Astrop to the monetary damages he seeks; Astrop's monetary damages fall, therefore, under the jurisdictional restrictions of the Tucker Act. The demand seeks monetary relief damages over $10,000, depriving this Court of subject matter jurisdiction.

Even if the complaint were construed as seeking a determination by the VA that Astrop is disabled, the Court lacks jurisdiction. The VA denied Astrop's request for compensation for his medical conditions. March 5 Statement Ex. 1. Astrop's pleadings merely state "VA can't pay for disabilities that are less than 10%" disabling. *Id.* at 1. If this statement were liberally construed to seek a review of VA's determination, the Court has no jurisdiction to do so because the Court of Appeals for Veterans Claims has exclusive jurisdiction to review the decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252. The VA decision on Astrop's claims for compensation for hemorrhoids is currently under appellate review with the VARO. *See* Def. Mot. to Dismiss Ex. E ¶ 8. If Astrop disagrees with the result of such appellate review, he can seek further review in the Court of Appeals for Veterans Claims, then the Court of Appeals for the Federal Circuit, and the Supreme Court of the United States, *see id.* § 7292, but not in this Court.[5]

---

[5] Astrop also uses the word "disability" when quoting a Navy questionnaire in one of his statements. March 1 Statement 2. Liberally construing this portion of Astrop's pleadings, the

5

The Court, likewise, does not have jurisdiction over Astrop's tort claims because any such claims arise out of conditions suffered by a serviceman that resulted from activities incident to service. The *Feres* Doctrine provides that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). The progeny of *Feres* establishes that the doctrine bars suit "against the United States arising from medical treatment of a service member on active duty." *Kendrick v. United States*, 877 F.2d 1201, 1203 (4th Cir. 1989). Astrop's claims rest exclusively on treatment he received as a service member, Compl. 3, and injuries he alleges as a result of his activities in the service. *See, e.g.*, Compl. 5. Any compensatory damages sought by Astrop in demanding $100,000 for punitive damages "and for my physical condition" are therefore barred by the *Feres* Doctrine and must be dismissed.

Finally, Astrop's claims for punitive damages must be dismissed because the defendants have not waived sovereign immunity with regard to claims for punitive damages. Where the United States does not waive sovereign immunity, the courts are without jurisdiction to entertain such a suit. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941). The United States has not waived sovereign immunity with respect to punitive damages in tort actions, 28 U.S.C. § 2674, and punitive damages are generally not awarded in breach of contract cases, unless the breach also constitutes the commission of, or is closely analogous to, a tort. *United States v. Snepp*, 595 F.2d 926, 936 (1979), *rev'd on other grounds*, 444 U.S. 507 (1980). Astrop cites, and the Court finds, no waiver of sovereign immunity with respect to punitive damages, and such a claim must be

---

Court does not find Astrop seeks a determination by the Navy that he is disabled. Even if it were so construed, the Court does not have jurisdiction. To the extent Astrop's claim seeks backpay after his discharge of greater than $10,000, the Court of Federal Claims has exclusive jurisdiction. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Randall*, 95 F.3d at 347; *Mitchell v. United States.*, 930 F.2d 893, 894 n.2 (Fed. Cir. 1991).

dismissed.

## B. The District Court lacks subject matter jurisdiction to grant Astrop's demand for specific relief

A district court in this Circuit lacks jurisdiction to provide Astrop with any equitable relief sought in requesting an "upgrade in discharge." Compl. 5. The Fourth Circuit requires "exhaustion of available intraservice corrective measures" before a district court may review a military decision. *Williams v. Wilson*, 762 F.2d 357 (4th Cir. 1985); *see also Wilt v. Gilmore*, 62 F. App'x 484, 487 (4th Cir. 2003); *Guerra v. Scruggs*, 942 F.2d 270, 277 (4th Cir. 1991). Astrop sought an upgrade of his discharge characterization from the Naval Discharge Review Board ("NDRB"), which was denied on November 21, 1980. Def. Mot. to Dismiss Ex. A. The denial was accompanied by a notification that if he disagreed with the NDRB decision, he could petition the Board for Correction of Naval Records ("BCNR"). *Id.* Astrop makes no claim that he sought BCNR review of the denial of his request for an upgrade in his discharge. Failure to exhaust the available administrative remedies makes this a "nonjusticiable military controversy," which cannot be decided in this Court. *See Wilt*, 62 Fed. App'x at 487.

Though Astrop does not allege his discharge and subsequent review were procedurally flawed, if the claims for equitable relief were construed as claims under the Administrative Procedure Act ("APA"), this Court still lacks subject matter jurisdiction. Section 704 of the APA bars jurisdiction of the District Court where the Court of Federal Claims can provide adequate review procedures. 5 U.S.C. § 704; *Mitchell v. United States*, 930 F.2d 893, 896–97 (Fed. Cir. 1991). The Court of Federal Claims has jurisdiction to "provide an entire remedy" under the Tucker Act, which allows the court to review claims for monetary damages and potential incidental injunctive relief, including "placement in appropriate duty or retirement status, and

7

correction of applicable records. 28 U.S.C. § 1491(a)(2); *Mitchell*, 930 F.2d at 896. The Court of Federal Claims can therefore provide adequate of Astrop's claims for specific relief, depriving this Court of jurisdiction over the claim. 28 U.S.C. 1491(a)(2); *Mitchell*, 930 F.2d at 896–97. This Court, therefore, lacks jurisdiction to provide any relief sought by Astrop.[6]

## IV. CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction over Astrop's claims and GRANTS the United States' Motion to Dismiss. Astrop's complaint is accordingly dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

ENTERED this 16th day of December, 2012.

---

[6] In the alternative, the United States moves to dismiss for failure to state a claim. The Court does not reach that question because the entirety of Astrop's complaint must be dismissed for lack of subject matter jurisdiction.